IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CV-00075-M

SHARNESE T. LANIER,                    )
                                       )
                    Plaintiff,         )
                                       )        **ORDER and**
        v.                             )     **MEMORANDUM AND**
                                       )      **RECOMMENDATION**
DEBORAH LANIER,                        )
                                       )
                    Defendant.         )

    This *pro se* case is before the court on the application [DE-1] filed by Sharnese T. LaNier

("Ms. Sharnese LaNier")[1] to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1)

("application") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), respectively.

These matters were referred to the undersigned magistrate judge, pursuant to 28 U.S.C. §

636(b)(1). The court finds that Ms. Sharnese LaNier has demonstrated appropriate evidence of

inability to pay the required court costs, and the application to proceed i*n forma pauperis* will be

ALLOWED. However, based on the court's frivolity review and for the reasons set forth below,

it is RECOMMENDED that: (1) Ms. Sharnese LaNier's original matter [DE-1] be REMANDED

to the state court in New Hanover County, North Carolina,[2] and (2) Ms. Sharnese LaNier's

proposed complaint [DE-7] be DISMISSED as frivolous and for failure to state a claim.

---

[1] Because Ms. Sharnese LaNier presents herself as the defendant in the matter she seeks to remove [DE-1-4], but is proceeding as a plaintiff in her proposed complaint [DE-7], the undersigned has generally dispensed with the titles "plaintiff" and "defendant" to avoid confusion, except as required for immediate context in this Order and Memorandum and Recommendation.

[2] On June 2, 2022, the court filed an order in response to Ms. Sharnese LaNier's Notice of Removal, in which it found that, while plaintiff alleges this court to have jurisdiction over her claims pursuant to diversity jurisdiction, "the Notice [of Removal] fails to allege the parties' diverse citizenship and the amount in controversy for purposes of establishing the court's subject matter jurisdiction." [DE-10] at 1. As the court has previously determined that plaintiff has not alleged subject matter jurisdiction, and plaintiff's subsequent filings have provided no evidence contradicting such a finding, the matter of removal will not be discussed further except for context.

## ORDER ON *IN FORMA PAUPERIS* MOTION

To qualify for *in forma pauperis* status, a person must show that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [herself] and dependents with the necessities of life." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The court has reviewed Ms. Sharnese LaNier's application and finds that she has adequately demonstrated her inability to prepay the required court costs. Her application to proceed *in forma pauperis* [DE-1] is therefore ALLOWED.

## MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

### I. BACKGROUND

On May 12, 2022, Ms. Sharnese LaNier filed a motion for leave to proceed *in forma pauperis* [DE-1] and a notice of removal of a state court proceeding 22CV001529 from New Hanover County to this court [DE-1-3].[3] Ms. Sharnese LaNier attaches numerous exhibits to her notice of removal. One exhibit appears to be a New Hanover County Domestic Violence Civil Summons, in which Ms. Deborah LaNier is the plaintiff and Ms. Sharnese LaNier, is the defendant. [DE-1-4] at 1-2. Another exhibit appears to be a New Hanover County Notice of Hearing on Domestic Violence Protective Order, in which Ms. Deborah LaNier is the plaintiff and Ms. Sharnese LaNier is the defendant. [DE-1-4] at 3. A third exhibit[4] appears to be a New Hanover County Complaint and Motion for Domestic Violence Protective Order ("county complaint and

---

[3] There is language in plaintiff's notice of removal [DE-1-3] that appears to request that this matter be heard in a district court in Allentown, Pennsylvania. *See* [DE-1-3] at 1-3. However, as all other indicia in plaintiff's filings point to this court as the intended venue, the undersigned construes this reference to Pennsylvania as a clerical error.
[4] Complaint and Motion for Domestic Violence Protective Order ([DE-1-4] at 8-10) appears chronologically after the Ex Parte Domestic Violence Order of Protection ([DE-1-4] at 4-7) although it logically, and ostensibly temporally preceded it.

motion for protective order"), which Ms. Deborah LaNier ostensibly filed against Ms. Sharnese LaNier. [DE-1-4] at 8-10. In this county complaint and motion for protective order, Ms. Deborah LaNier alleges that:

> [Ms. Sharnese LaNier] has failed to give [Lawrence LaNier] his blood pressure medication on multiple occasions leading to multiple [Adult Protective Services ("APS")] reports . . . . [Ms. Sharnese LaNier] has failed to comply with APS law enforcement and [Ms. Deborah LaNier] and is hiding [Lawrence LaNier] . . . . [Ms. Sharnese LaNier's] failure to provide [Lawrence LaNier] his medication has led to him being required to be hospitalized recently and could be life threatening.

[DE-1-4] at 8.

A fourth exhibit appears to be a New Hanover County Ex Parte Domestic Violence Order of Protection ("protection order") ([DE-1-4] at 4-7), which specifies, *inter alia*, that Ms. Sharnese LaNier "shall have no contact with [Lawrence LaNier] . . . except through an attorney" ([DE-1-4] at 4). The state court district court judge made additional findings in support of the protection order, including that on May 5, 2022, and prior, Ms. Sharnese LaNier placed Lawrence LaNier and a member of his family "in fear of imminent serious bodily injury" and placed a member of Lawrence LaNier's family "in fear of continued harassment that rises to such a level as to inflict substantial emotional distress." [DE-1-4] at 5. Specifically, the state court district court judge found the following:

> [Ms. Sharnese LaNier] is the bio[logical] daughter of [Lawrence LaNier,] her father. The [*guardian ad litem* ("GAL")] is also a bio[logical] daughter of [Lawrence LaNier]. [Ms. Sharnese LaNier] is secreting [Lawrence LaNier] from the GAL, who [May 4, 2022,] was appointed as [Lawrence LaNier's] guardian of the person by the court. [Ms. Sharnese LaNier] has placed [Lawrence LaNier] and [the] GAL in fear of serious bodily injury by improperly caring for [Lawrence LaNier] in such a way that threatens his life to due to his fragile medical condition. [Ms. Sharnese LaNier] is alleging she is [Lawrence LaNier's] caretaker under a fraudulent Power of Attorney.
> . . .
> Since the GAL is the lawfully approved guardian of the person of [Lawrence LaNier], she shall be permitted to enter the residence [of Ms. Sharnese LaNier on

3

May 5, 2022] without [Ms. Sharnese LaNier's] consent and take physical custody of [Lawrence LaNier] and his belongings. [Ms. Sharnese LaNier] shall be excluded from the residence during this time, and may be arrested if she resists. GAL may thereafter remove [Lawrence LaNier] to any location she chooses to provide him care consistent [with] her guardianship.

[DE-1-4] at 5, 7.

Ms. Sharnese LaNier also filed an unsigned "Notice of Dismissal" [DE-4], which purports to provide that Ms. Deborah LaNier "hereby dismisses all causes of action in the complaint against defendant in error Sharnese LaNier without prejudice" because "there is no longer a basis for the ex parte Domestic Violence petition." [DE-4]. Even assuming this document were drafted by Ms. Deborah LaNier, it has no impact on the analysis of the undersigned herein.

## II. MS. SHARNESE LANIER'S WRIT OF *HABEAS CORPUS*

In a separate filing, titled "motion: writ of *habeas corpus*" Ms. Sharnese LaNier alleged that on May 5, 2022, she was "given a piece of paper allegedly of a [sic] ex parte domestic violence order . . . during the aggravated kidnapping of [her] private property LaNier: [sic] Lawrence against his will." [DE-6] at 1. Ms. Sharnese LaNier claims that the "ex parte domestic violence order is unlawful," that "[t]he proceedings were in violation of the due process clause of the Federal and North Carolina constitution" and that "[t]he evidence presented against [her] on that date in question did not establish a prima facie case." *Id.* She further contends that "[p]rivate contractors, kidnappers, and or gangs showed up and kidnapped my private property; LaNier: Lawrence. I was physically, emotionally and verbally assaulted." *Id.* Ms. Sharnese LaNier also notes that "Deborah LaNier dismissed the alleged ex parte domestic violence order [May 13, 2022] at 9:30 am est." *See* [DE-6-1][5] (attaching as exhibit what appears to be a notice of voluntary dismissal of

---

[5] Sharnese LaNier also attaches a page titled "The U.S. Will Registry" dated May 9, 2022, which purports to certify that "Sharnese LaNier, Executrix" has registered her last living will. [DE-6-2]. The legal significance of this document is unclear.

4

a domestic violence petition dated May 11, 2022, ostensibly signed and filed by Ms. Deborah LaNier).

### III. MS. SHARNESE LANIER'S PROPOSED COMPLAINT

**A.    Basis of this court's jurisdiction**

In her proposed complaint filed on May 31, 2022, Ms. Sharnese LaNier names Ms. Deborah LaNier as the defendant.  [DE-7] at 1.  Ms. Sharnese LaNier alleges that this court's jurisdiction is based on a federal question.  *Id.* at 2.  Although certain handwritten entries on her civil coversheet are somewhat difficult to discern, Ms. Sharnese LaNier appears to indicate therein that her cause of action arises under 18 U.S.C. § 287; "Amendment 5.4.1."; 15 U.S.C. § 34; *Scott v. McNeal*, 154 U.S. 34 (1894); and 42 U.S.C. § 1985.  [DE-7-2] at 1.

**B.    Facts alleged**

The factual background to Ms. Sharnese LaNier's proposed complaint reads in its entirety as follows:

1.    Judge Jackie Gross jurisdiction & judge off hearsay
2.    Deborah LaNier false claims[,] such as calling APS Welfare check [within] hours of seeing & speaking with o[u]r father via video as well as family & friends advising he is well.  Present a fake POA – Karen Pender cousin & notary recorded & written letter that she notarized POA before [without] signatures [and] filing missing person report.  Abusing government programs such as APS & welfare check.
3.    Elderhaus covering up the fact that they increased my father meds thus, he ended up in the hospital.  New Hanover E.R. doctor called Elderhaus to advise lower dosage after advising me that dad passed out because of dose increase[.]  After confiding [with] social worker & Emily of Elderhaus that my father & I need grief & family counseling we are being harassed by family we need counseling they conspired [with] my siblings and stated I'm not giving dad meds.  No [psych] evaluation attached, no bloodwork to prove he wasn't [taking] meds, no hospitalization [within] 10 months for any health issues other than the one time elderhaus increase[d] meds.  GAL Jason Bond never advised dad date court would be continued.  Kidnapped

5

& trespassed against our will and my family living estate. [A]nother false claim was 22E677 Domestic Violence Order which gave the order to kidnap my father that she dismissed [without] prejudice.

[DE-7] at 2-3.

## C. Relief sought

Ms. Sharnese LaNier's proposed complaint requests the following relief: "Writ *habeas corpus* honored and if we must [sic] a hearing providing factual evidence not hearsay." *Id.* at 3. She then attaches a "motion in the cause of guardianship & incompetency" to her complaint, in which she requests that this court transfer guardianship of Lawrence LaNier from Ms. Deborah LaNier to her, Ms. Sharnese LaNier. [DE-7-1] at 1. She attaches an additional copy of her writ of *habeas corpus* and a memorandum of trust agreement, dated May 5, 2022, for the "Lawrence LaNier Estate and Trust," which specifies Ms. Sharnese LaNier as the Trustee. [DE-7-1] at 5-7.

## IV. APPLICABLE LEGAL STANDARDS FOR FRIVOLITY REVIEW

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). In such a review, the court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992) (standard for frivolousness). A case is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

In evaluating frivolity specifically, a *pro se* party's pleadings are held to "less stringent standards" than those drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Nonetheless, the court is not required to accept the contentions of a party proceeding *in forma pauperis* as true. *Denton*, 504 U.S. at 32. The court is permitted to "pierce the veil of the

6

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Provided that a party's claims are not clearly baseless, the court must weigh the factual allegations in the party's favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if a party has alleged specific facts sufficient to support the claims asserted. *See White*, 886 F.2d at 724.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) (alterations in original) (internal quotation marks omitted)).

A court may also consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Hill v. Se. Reg'l Med. Ctr.,* No. 7:19-CV-60-BO, 2019 WL 7041893, at *2 (E.D.N.C. Oct. 21, 2019), *report and recommendation adopted*, No. 7:19-CV-60-BO, 2019 WL 7163434 (E.D.N.C. Dec. 20, 2019), *aff'd*, 818 F. App'x 261 (4th Cir. 2020) (discussing the lack of federal question jurisdiction and diversity jurisdiction during frivolity review as a basis for dismissal). "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific instances

7

authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here, Ms. Sharnese Lanier. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on . . . the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

## V. ANALYSIS

The core of the relief that Ms. Sharnese LaNier seeks in her filings is for this court (1) to reverse or nullify a state court order, which entrusted the guardianship of Lawrence LaNier to Ms. Deborah LaNier and (2) to transfer his guardianship to her, Ms. Sharnese LaNier. *See* [DE-7] at 3; [DE-7-1] at 1. For the reasons discussed below this court does not have the jurisdiction either to overturn a state court order appointing guardianships or to decide family law matters, which are exclusively within the sphere of state courts.

### A. *Rooker-Feldman* doctrine

It is unclear whether Ms. Sharnese LaNier is alleging diversity jurisdiction. *Cf.* [DE-1-1] Civ. Cover Sheet for removal §§ I-III (selecting "Diversity" as the basis of jurisdiction and alleging that Ms. Deborah LaNier, as plaintiff, resides in Tennessee, while Ms. Sharnese LaNier, as defendant, resides in North Carolina, but failing to allege an amount in controversy or the monetary worth of the injunctive relief sought); and [DE-7-2] at 1 (Civ. Cover Sheet for proposed complaint

8

§§ I-III (selecting "Federal Question" as the basis of jurisdiction and alleging that Ms. Sharnese LaNier, as plaintiff, and Ms. Deborah LaNier, as defendant, are both residents of North Carolina)). Accordingly, Ms. Sharnese LaNier has failed to contradict this court's earlier findings with respect to her Notice of Removal that she "fails to allege the parties' diverse citizenship and the amount in controversy for purposes of establishing the court's subject matter jurisdiction." [DE-10] at 1.

In addition to an absence of diversity jurisdiction, this court does not have jurisdiction to hear her case for the following reasons. The *Rooker-Feldman* doctrine bars federal courts from sitting "in direct review of state court decisions." *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482-83 n.16 (1983) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 296 (1970)). "[T]he *Rooker-Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). This doctrine also prohibits a district court from reviewing constitutional claims that are "inextricably intertwined" with a state court decision. *Shooting Point, LLC v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004) (citations omitted). "A federal claim is 'inextricably intertwined' with a state court decision if 'success on the federal claim depends upon a determination that the state court wrongly decided the issues before it.'" *Id*. (quoting *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997)); *see also Curley v. Adams Creek Assocs.*, 409 F. App'x 678, 680 (4th Cir. 2011) (holding that *Rooker-Feldman* precluded subject matter jurisdiction over plaintiff's claim that the state court violated her due process rights by failing to give her notice before disposing of real property owned by her); *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202-03 (4th Cir. 1997) (holding that a federal claim is "inextricably intertwined" where "in order to grant the federal plaintiff the relief sought, the federal court must

9

determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual") (alterations in original) (internal quotation marks omitted) (quoting *Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491 (3d Cir. 1997)).

In other words, *Rooker-Feldman* applies "when the federal action 'essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court.'" *Davis v. Durham Mental Health Devel. Disabilities Substance Abuse Area Auth.*, 320 F. Supp. 2d 378, 388 (M.D.N.C. 2004) (alterations in original) (quoting *Plyler*, 129 F.3d at 733). "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" *Willner v. Frey*, 243 F. App'x 744, 747 (4th Cir. 2007) (quoting *Davani*, 434 F.3d at 718). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000) (alterations in original) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). The losing party, of course, retains the ability to exercise her appellate rights in the state court system. *See Jordahl*, 122 F.3d at 202 ("[T]he [*Rooker-Feldman*] doctrine reinforces the important principle that review of state court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeals.").

Here, all of Ms. Sharnese LaNier's allegations essentially argue that the "state judgment itself violates [her] federal rights." *Brown & Root, Inc.*, 211 F.3d at 198 (quoting *Johnson*, 512 U.S. at 1005-06). "[E]ven to the extent that [Ms. Sharnese LaNier's proposed] complaint can be fairly read to assert independent claims arising from flaws in the [state court] proceedings, the

10

primary relief sought by [Ms. Sharnese LaNier – guardianship of her father – ] is prohibited by the *Rooker-Feldman* doctrine and subsumes [her] other potential claims." *Carter v. Dep't of Health & Hum. Servs.*, No. 5:18-CV-116-BO, 2018 WL 2994818, at *4 (E.D.N.C. May 21, 2018) (citing *Harbin v. Partin*, No. 8:17-575-MGL-JDA, 2017 WL 1363906, at *3 (D.S.C. Mar. 23, 2017)).

Because "[d]etermination of [Ms. Sharnese LaNier's] claims in [her] favor and awarding the relief [she] seeks would necessarily require this court to find that the North Carolina court proceedings were conducted in an improper manner, produced an improper result, or both[,]" the *Rooker-Feldman* doctrine applies, and the court lacks subject matter jurisdiction over these claims. *Id.* at *4; *see also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 290 (4th Cir. 2013) (dismissing parents' attempt to overturn state court custodial orders in light of *Rooker-Feldman* doctrine where the parents "demand[ed] that the court take 'judicial notice' of facts and law that contradicted the state courts' custodial orders"); *Womack v. Howell*, No. 1:18-CV-00352-MR-WCM, 2019 WL 148716, at *3 (W.D.N.C. Jan. 9, 2019) (dismissing in light of *Rooker-Feldman* doctrine plaintiff's claims against the actions of the Clerk of Court and the court-appointed *guardian ad litem* in the course of his mother's competency proceeding); *Selck v. Cnty. of Sacramento*, No. 2:18-CV-2447-JAM-EFB PS, 2019 WL 4259753, at *4 (E.D. Cal. Sept. 6, 2019), *report and recommendation adopted*, No. 2:18-CV-2447-JAM-EFB PS, 2019 WL 5102152 (E.D. Cal. Oct. 11, 2019) (dismissing attempt to release mother from county guardianship in light of *Rooker-Feldman* doctrine); *Kelley v. Saleeby*, No. 4:08-00639-RBH, 2008 WL 3927230, at *2 (D.S.C. Aug. 21, 2008) (applying *Rooker-Feldman* to dismiss the plaintiff's complaint seeking to have the district court review and modify child custody orders issued in a state family court case).

## B. Probate exception

Even if any of Ms. Sharnese LaNier's claims were not barred by the *Rooker-Feldman*

11

doctrine, "[t]he federal courts are loathe to enter into the realm of domestic relations matters." *North Carolina v. Davis*, No. 5:17-MC-7-BA, 2017 WL 5574984, at *2 (E.D.N.C. Mar. 21, 2017). Courts around the country have found that the probate exception precludes federal courts from considering the appointment of guardians.  *See, e.g.*, *Mello v. Webster*, No. CA 13-335ML, 2013 WL 2099497, at *3 (D.R.I. May 10, 2013), *report and recommendation adopted*, No. CA 13-0335ML, 2013 WL 2099700 (D.R.I. May 14, 2013) ("To the extent Plaintiff is seeking the Court's assistance to impose a guardianship, . . .  the probate exception to diversity jurisdiction precludes this Court from doing so."); *Clapp ex rel. Moulton v. Indiana*, No. 2:09-CV-118-PPS, 2010 WL 1049932, at *5 n.2 (N.D. Ind. Mar. 16, 2010) ("The probate exception precludes federal courts from adjudicating disputes regarding matters reserved to state trial courts, including the appointment and deployment of a guardian.") (citing *Jones v. Brennan*, 465 F.3d 304, 306-08 (7th Cir.2006)); *Martino v. Campbell*, No. 8:21-CV-1636-KKM-JSS, 2021 WL 5923047, at *2 (M.D. Fla. Sept. 17, 2021), *report and recommendation adopted*, No. 8:21-CV-1636-KKM-JSS, 2021 WL 5049928 (M.D. Fla. Nov. 1, 2021) ("[T]he probate exception preclude[s] cases, like this one, where a petitioner seeks federal review of state court proceedings to administer the estate of an incompetent person.").  Accordingly, the probate exception prevents this court both from reversing the appointment of Ms. Deborah LaNier's guardianship over Lawrence LaNier, as well as from appointing Ms. Sharnese LaNier to be Lawrence LaNier's guardian.

## C.     Failure to state a claim under cited statutes and cases

Even if Ms. Sharnese LaNier's claims were not otherwise barred by the *Rooker-Feldman* doctrine or the probate exception, she does not present a viable claim in *habeas corpus* or under any of the statutes or cases that she references in her civil cover sheet.

12

### 1. No *habeas corpus* cause of action

Ms. Sharnese LaNier's allegations do not present a viable *habeas corpus* claim.  *Cf.* [DE-6] (Ms. Sharnese LaNier's "Motion: Writ of *Habeas Corpus*").  "The Court's *habeas* jurisdiction is limited to those where a person has been confined by the state largely due to criminal convictions . . . [and] is not available to remedy or challenge state court judgments involving parental relationships, termination of parental relationships, or, as in this case, guardianship proceedings." *Sarhan v. Rothenberg*, No. 07-22818-CIV, 2008 WL 2474645, at *6 (S.D. Fla. June 17, 2008) (first citing *Wales v. Whitney*, 114 U.S. 564, 571 (1885); then citing *Lehman v. Lycoming Cnty. Child.'s Serv. Agency*, 458 U.S. 502, 515-16 (1982) and then citing *Hemon v. Office of Pub. Guardian*, 878 F.2d 13, 15 (1st Cir. 1989)); *cf. also Gottlieb v. Schneiderman*, No: 7:15-CV-00038-BR, 2016 WL 427079, at *4 (E.D.N.C. Feb. 3, 2016) ("The Supreme Court has held that federal habeas action cannot be used where the true essence of the action is to allow a parent to relitigate parental rights and custody.") (citing *Lehman*, 458 U.S. at 12 (1982)).

### 2. No causes of action under Ms. Sharnese LaNier's referenced statutes and cases

In her proposed complaint [DE-7], Ms. Sharnese LaNier alleges that this court has federal question jurisdiction under 18 U.S.C. § 287; "Amendment 5.4.1"; 15 U.S.C. § 34; *Scott v. McNeal*; and 42 U.S.C. § 1985.  [DE-7-2].  However, none of these statutes or cases create a private right of action applicable to Ms. Sharnese LaNier's alleged circumstances.

18 U.S.C. § 287 is a criminal statute governing false, fictitious, or fraudulent statements made to Federal civil or military employees and personnel.  The cited statute does not have a private right of action.  *Young v. W. Va. Univ.*, No. 1:21-CV-35, 2022 WL 816041, at *2 (N.D.W. Va. Mar. 17, 2022) ("[T]here is no private cause of action under 18 U.S.C. § 287); *Lamb v. F.B.I.*, No. 1:23-CV-00294-WJ-JMR, 2023 WL 4178015, at *2 (D.N.M. June 26, 2023) (noting that 18

13

U.S.C. § 287 does not provide for private civil causes of action).

While the reference to "Amendment 5.4.1." ([DE-7-2] at 1) is not completely clear, the undersigned construes it as a reference to Section 5.4.1. of the Annotated United States Constitution, which provides the "Historical Background on Self-Incrimination" under "Amdt5.4.1." *Amdt5.4.1 Historical Background on Self-Incrimination*, Constitution Annotated, https://constitution.congress.gov/browse/essay/amdt5-4-1/ALDE_00000864/ (last visited August 22, 2024). Even generously construing Ms. Sharnese LaNier's allegations, they contain no Fifth Amendment claims.

15 U.S.C. § 34 is a definition section governing a subsection of federal antitrust law and does not relate to any of the family law issues that Ms. Sharnese LaNier raises in her filings. *Scott v. McNeal*, is a nineteenth century United States Supreme Court case discussing whether "letters of administration upon the estate of a person [presumed to be dead] who is in fact alive have any validity or effect as against him." 154 U.S. at 39. There is no allegation by any party that Lawrence LaNier is deceased. Accordingly, this case is inapposite to Ms. Sharnese LaNier's circumstances.

Ms. Sharnese LaNier's reference to 42 U.S.C. § 1985 most likely refers to § 1985(2), which defines a conspiracy to obstruct justice as conduct where:

> two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2).

As another court in this circuit has stated:

> It is well-established that to prove a conspiracy under section 1985, a plaintiff must establish (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff

14

of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Kent v. Md. Transp. Auth.*, No. RDB 05-2593, 2007 WL 5415558, at \*8 (D. Md. May 1, 2007), *aff'd*, 276 F. App'x 314 (4th Cir. 2008) (internal quotation marks omitted) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir.1995)).

Ms. Sharnese LaNier's allegations do not include any facts indicating a "specific class-based, invidiously discriminatory animus" motivating any of the parties. *Id.*; *see also Hill v. Davis*, 18-00287-JB-C, 2019 WL 1416476, at \*5 (S.D. Ala. Mar. 6, 2019), *report and recommendation adopted*, No. 1:18-CV-00287-JB-C, 2019 WL 1412116 (S.D. Ala. Mar. 28, 2019*)* (finding that a plaintiff failed to state a claim under 42 U.S.C. § 1985, where she alleged a conspiracy between a probate judge and an attorney who brought a guardianship action on behalf of the plaintiff's mother). Accordingly, Ms. Sharnese LaNier has failed to state a claim under 42 U.S.C. § 1985.

For the reasons provided above, the court lacks subject matter jurisdiction over Ms. Sharnese LaNier's original matter [DE-1] and proposed complaint [DE-7], and the undersigned RECOMMENDS that each be REMANDED and DISMISSED, respectively.

## VI. CONCLUSION

For the reasons set forth above, IT IS RECOMMENDED that this court: (1) REMAND Ms. Sharnese LaNier's original matter to the state court in New Hanover County, North Carolina; and (2) DISMISS Ms. Sharnese LaNier's proposed complaint [DE-7] as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

IT IS DIRECTED that a copy of this Order and Memorandum and Recommendation be served on Ms. Sharnese LaNier or, if represented, her counsel. Ms. Sharnese LaNier shall have until **September 10, 2024**, to file written objections to this Memorandum and Recommendation.

15

The presiding district judge must conduct his own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 23rd day of August, 2024.

_____
Brian S. Meyers
United States Magistrate Judge